## Robert Dady v. John Riley.

**1.** Verdicts—*On Conflicting Evidence.*—A verdict upon conflicting evidence is, as a general rule, conclusive as to the issues of fact in controversy.

**Trespass De Bonis Asportatis.**—Trial in the Circuit Court of Lake County; the Hon. Charles E. Fuller, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the December term, 1898. Affirmed. Opinion filed April 11, 1899.

Whitney & Upton, attorneys for appellant.

D. H. Pinney and Wing & Grover, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

On the 29th day of October, 1894, appellant, by written lease of that date, leased to appellee a farm of three hundred acres in Lake county for an annual rental of $675, payable $168.75 November 15th, $337.50 May 1st and $168.75 September 1st of each year during the term of the lease. Appellee was to secure the rent by notes and chattel mortgage. On or about November 15, 1894, appellee paid $50 on the rent in cash. He moved on the farm, under the lease, November 19, 1894, and on the following day gave the notes and chattel mortgage provided for by the lease, to secure the rent, the mortgaged property consisting of some fifteen head of horses. On January 14, 1895, appellee executed to appellant his note for $486.53, due November 1, 1895, secured by another chattel mortgage on the same property mentioned in the first mortgage, and also certain farming implements, etc., which he had purchased of appellant.

Appellee claims that the last note was given for the purchase of the property described in the chattel mortgage, while appellant claims there were other matters entering into the consideration. On May 3, 1895, appellant took possession of the property included in his chattel mortgage given to secure the rent, claiming there was then due and unpaid to him $118.75 for balance of the rent due November 15, 1894, and $337.50 for the rent due May 1, 1895, making in all $456.25. At the same time he took possession of the property described in the second mortgage, although the note which it was given to secure was not at that time due. On May 9, 1895, while the mortgaged property was still in the hands of the custodian, who had been employed and placed in charge of it by appellant, the parties met at the office of E. J. Heydecker, an attorney in the city of Waukegan, where it is alleged by appellant, an accounting was had between them and a settlement agreed upon by the terms of which appellee was to pay him, appellant, $404 in full of the amount due him; and in payment of said amount appellee was to turn over certain stock and farming imple-

ments which appellant was to take at a price then agreed upon betwen them. On the same day appellant took possession of sufficient property belonging to appellee to amount to the sum of $404, at the price alleged to have been agreed upon, and appellee moved from the premises. Soon after leaving the farm appellee brought this suit in assumpsit against appellant for work and material, board of men, feed for stock, etc., furnished the latter by the former. The declaration was afterward amended by adding a count for the horses taken by appellant under his claimed agreement and some farming implements. Appellant based his defense, except as to some minor matters, upon the grounds, first, that he had a right to take the property included in the chattel mortgage given to secure the rent, by reason of a breach of the terms thereof caused by the failure to pay rent; and second, that by the alleged settlements of January 14 and May 9, 1895, all matters of account between the parties were fully adjusted.

Upon the trial the jury found for the appellee, assessing his damages at $528.95, and judgment was rendered for that amount.

The instructions in this case fairly presented the law governing the case to the jury, and the only question for our determination is whether or not the evidence was sufficient to sustain the verdict.

It appears from the evidence that appellant left certain stock on the leased premises, which was taken care of by the appellee, who also furnished some pasture for the same. Appellee also had other items of account and charges against appellant which were in evidence before the jury. On the other hand appellant had furnished certain provisions to appellee for which he claimed credit.

The evidence was conflicting, but the weight of it seems to have been in favor of appellee and to show that appellant was indebted to him at the time the mortgages were attempted to be foreclosed. The evidence fails to show there was a settlement made by the parties of all matters in controversy between them on January 14, 1895. In fact,

appellant himself afterward claimed that the balance due on rent at that time was not included, and the circumstances sustain the claim of appellee, that the mortgage and note executed at that time were given for property then purchased by him of appellant.

The sharpest controversy in the case arose upon the question as to whether or not there was a full settlement of all matters in dispute between the parties, at the office of the witness Heydecker, in Waukegan, on May 9, 1895. This question is not entirely free from doubt, but while, in view of appellee's subsequent acts in surrendering property and moving from the premises, we are inclined to think there were some matters adjusted or agreed upon between the parties at that time, yet we are not prepared to say that the evidence was sufficient to warrant the conclusion, there was a full and complete settlement and adjustment of all matters in controversy between them made by the parties at that time.

In our opinion there was sufficient evidence to sustain the verdict of the jury and the judgment will be affirmed.